corrected

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Kumar Industries<br><br>                    Plaintiff,<br><br>     v.<br><br>United States,<br><br><br>                    Defendant. | Court No. 23-00263<br><br>Complaint |

# COMPLAINT

Kumar Industries ("Kumar"), by and through their attorneys, alleges and states the following claims against the defendant United States.

## JURISDICTION

1. This action is brought pursuant to the authority of 19 U.S.C. §1516a(a)(2)(A)(i)(I), 19 U.S.C. §1516a(a)(2)(B)(iii), and 28 U.S.C. §1581(c) to contest the final results issued by the United States Department of Commerce, International Trade Administration (ITA) in the §751 administrative review of Glycine from India (A-533-883)(POR: June 1, 2021 – May 31, 2022) as amplified by the Issues and Decision Memorandum for the Final Results, which was incorporated by reference in the Federal Register notice published on November 13, 2023 as *Glycine from India (A-533-883): Final Results of Antidumping Duty Administrative Review; 2021-2022*, 88 Fed. Reg. 77,552 (Nov. 13, 2023).).

2. The United States Court of International Trade has exclusive jurisdiction over this action pursuant to 28 U.S.C. §1581(c) because the action is commenced under §516A of the Tariff Act of 1930, 19 U.S.C. §1516a.

## STANDING

3. Plaintiff Kuma Industries is a corporation organized under the laws of India.  Plaintiff Kumar Industries produces and exports Glycine from India and was an active participant in the administrative review.

4. Pursuant to 19 U.S.C. §1516a(2), plaintiff is an interested parties as defined in 19 U.S.C. §1677(9)(A) as plaintiff was a party to the proceeding in connection with which this matter arises.

5. Plaintiff has standing under 28 U.S.C. §2631(c) to commence this action.

## TIMELINESS OF THIS ACTION

6. Plaintiffs commenced this action by filing a Summons with this Court on December 7, 2023, which was within thirty days of the publication of the final determination in the  Federal Register.  Plaintiffs are filing this complaint on January 1, 2024, which is within thirty days from the date of the filing of the Summons in  accordance with Rule 6(a)and satisfies the timeliness requirement in accordance with 19 U.S.C. §1516a(a)(2)(A).

## THE ADMINISTRATIVE PROCESS

7. On August 9, 2022, pursuant to a June 21, 2022 request for an administrative review filed by Kumar, the Department deemed initiated the Administrative Review. See *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 87 Fed. Reg. 48459 (August 9, 2022).

8. From October 5, 2022 through February 15, 2023 plaintiff submitted responses to the Department's questionnaires. The other mandatory respondent submitted responses through July 26, 2023.

9. On August 14, 2023, all parties submitted case briefs to the Department.

10. On August 28, 2023, all parties submitted rebuttal briefs to the Department.

11. On October 25, 2023, Kumar held a meeting the Department of Commerce officials.

12. On November 7, 2023 the Department made its final determination.

## STANDARD OF REVIEW

13. The standard of review of a final determination made by the Department of Commerce in an antidumping case is set forth in 19 U.S.C. § 1516a(b)(1)(B)(I) as follows: "The Court shall hold unlawful any determination, finding or conclusion found . . . to be unsupported by substantial evidence on the

3

record, or otherwise not in accordance with law." Therefore, the Court must remand any administrative determination made by the Department, which is unsupported by substantial evidence on the record as a whole or is otherwise not in accordance with law. *Koyo Seiko Co. v. United States*, 796 F. Supp. 1526, 1528, 16 CIT 539 (1992). Decisions of the Commerce Department "must be supported by adequate reasoning *Taian Ziyang Food v. United States*, 33 CIT , Slip Op. 09-67 (June 29, 2009) at 74 and 109; *Jinan Yipin Corp. v. United States*, 33 CIT , Slip Op. 09-70 (July 2, 2009) at 11; *Carpenter Technology, et al. v. United States*, 33 CIT , Slip Op. 09-134 (November 23, 2009) at 13. "Substantial evidence on the record means 'more than a mere scintilla' and 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,' taking into account the entire record, including whatever fairly detracts from the substantiality of the evidence." *Atlantic Sugar, Ltd. v. United States*, 2 Fed. Cir. 130, 136, 744 F.2d. 1445, 1452 (1984) (footnote omitted).

14.   This Court must hold as unlawful any decision by the Department, which is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and not supported by substantial evidence on the record.

## CLAIMS

### COUNT ONE

15. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

16. The Department's erred when it found that Kumar had not cooperated and thus the Department improperly took adverse inferences and calculated the rate for Kumar using adverse facts available.

17. Kumar was not related to the two entities from which the Department incorrectly determined to be related to Kumar. Kumar was unable to force these entities to comply and provide all of the requested information.

18. The Department cannot base a finding of non-cooperation, and thus take adverse inferences, where the non-cooperating party is not related to the respondent and the respondent takes all steps to obtain cooperation.

19. The Department should have calculated the rate for Kumar using the data supplied by Kumar. As no information was missing from the record, there is no gap which needs to be filed.

### COUNT TWO

20. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

21. Kumar obtained from the unrelated entities that would not fully cooperate information which established that such entities were not involved in the production or sale of Glycine, nor that these unrelated entities supplied any inputs to Kumar.

22. The failure to provide the financial information of the unrelated third parties is harmless error as the information provided, as verified by the books and records of Kumar, established that had such unrelated parties provided full and complete information, such information would have had no impact of any kind on the calculation of the margin.

23. There is no gap, and thus no basis to resort to facts available. The data supplied by Kumar was full and complete.

24. The Department should have calculated the margin for Kumar based on the data supplied by Kumar.

## COUNT THREE

25. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

26. The Department does not deduct from U.S. price the amounts of any antidumping duties. In this case, the Department included amounts deposited as antidumping duties in the U.S. Duty field and deducted such duties from the U.S. price.

27. The Department's calculation resulted in an artificially low U.S. price, which in turn, resulted in an overstated margin.

28. The Department should have deducted the antidumping duties from the U.S. duty field prior to calculating the U.S. price.

## COUNT FOUR

29. The allegations of paragraphs 1 through 14 are incorporated by reference and restated as if fully set forth herein

30. The statute requires the Department to inform a respondent of any deficiency in its questionnaire response and provide an opportunity to address such deficiency. (19 U.S.C. 1677m(d)).

31. Kumar submitted substantial information explaining why it was unable to provide further information from the unrelated entities. Apparently the Department deemed such information was inadequate. The Department never identified this as a deficiency and did not provide an opportunity to address such deficiencies. The Department's last supplemental questionnaire to Kumar was transmitted on February 15, 2023.

32. The Department continued to send supplemental questionnaires to the other mandatory respondent through July 26, 2023.

33. The Department had substantial time to identify any deficiencies in Kumar's response and to provide Kumar a chance to address such deficiencies, but did not do so.

## PRAYER FOR RELIEF

WHEREFOR, the plaintiff respectfully request that this Court enter judgment as follows:

1. Sustaining counts one to four of plaintiff's complaint;

2. Remanding this matter to the Department of Commerce for issuance of a determination consistent with the decision of this court;

3. Awarding attorney fees and costs; and

4. Providing such other relief as the court may deem just and appropriate.

                                              Respectfully submitted,

                                              /s/ David J. Craven

                                              David J. Craven
                                              Counsel to Kumar Industries

Date January 1, 2024                  Craven Trade Law LLC
                                              3744 N Ashland
                                              Chicago, IL 60613
                                              (773) 245-4010
                                              dcraven@craventrade.com

9