Non-Confidential

UNITED STATES COURT OF INTERNATIONAL TRADE
Before: Hon. Gary S. Katzmann, Judge

| | |
|---|---|
| Kumar Industries<br><br>                    Plaintiff,<br><br>     v.<br>United States,<br><br>                    Defendant. | Court No. 23-00263 |

**REPLY OF PLAINTIFF KUMAR INDUSTRIES
TO RESPONSE OF DEFENDANT**

David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
Counsel for Plaintiff

Dated: October 7, 2024

Table of Contents

Table of Contents..................................................................................a

Table of Authorities............................................................................b

I.    INTRODUCTION AND SUMMARY OF ARGUMENT.............................1

      A.    Summary of Argument..........................................................1

II.   ARGUMENT................................................................................1

      A.    Commerce did not Properly Take Adverse Inferences
            Against Kumar ...............................................................2

      B.    Kumar Cooperated to the Best of its Ability .......................4

      C.    The Department did not Provide Kumar an Adequate Opportunity to
            Address any Deficiencies in the Response.............................5

      D.    The Department did not Properly Adjust Export Price........................6

V.    CONCLUSION..............................................................................6

Table of Authorities

Court Cases:

*Risen Energy Co, Ltd. v. United States*, 477 F. Supp. 3d 1332 (Ct. Int'l
    Trade 2020)....................................................................................................4

*Nippon Steel Corp. v. United States*, 337 F.3d, 1373, 1382 (Ct. Int'l
    Trade 2003)....................................................................................................5

*Ferro Union, Inc. v. United States,* 44 F. Supp. 2d 1310 (Ct. Int'l Trade
    1999) ............................................................................................................5

Administrative:

Rule 56.2 of the Rules of the U.S. Court of International Trade ....................1,2,3,5

UNITED STATES COURT OF INTERNATIONAL TRADE
Before: Hon. Gary S. Katzmann, Judge

| | |
|---|---|
| Kumar Industries<br><br>              Plaintiff,<br>  v.<br><br>United States,<br><br>              Defendant. | Court No. 23-00263 |

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Rule 56.2 of the Rules of the U.S. Court of International Trade and the Court's Scheduling Order, Plaintiff Kumar Industries ("Plaintiff" or "Kumar") respectfully submits this reply to the response of Defendant United States of America to the motion and memorandum presented by plaintiffs ("Memo"). As demonstrated below, the arguments submitted by the defendant are unavailing, and this matter should be remanded to the Department of Commerce with direction that the Department calculate a rate for Kumar not using adverse facts.

### A.    Summary of Argument

The primary issues in this matter are not complicated. Kumar responded to the Department questionnaires and provided all of the information in its possession. Critically, the information supplied confirmed the non-affiliation between Kumar and two unrelated entities. The Department should not have taken adverse inferences against Kumar.

## II.    ARGUMENT

As a preliminary matter, plaintiff reiterates that its 56.2 motion contains substantial argument as to why the Department should not have taken adverse inferences against plaintiff and why plaintiff, in light of all of the facts of record,

1

Non-Confidential

fully cooperated with the Department.  Plaintiff stands on its 56.2 motion and supplies this reply to respond to specific details in defendant's response.

A.    **Commerce did not Properly Take Adverse Inferences Against Kumar**

At pages from 9 to 14 of defendant's response, the defendant argued that Kumar had failed to cooperate by not providing information about certain formerly affiliated companies.    As detailed in its 56.2 motion, the Department did not properly take adverse inferences against Kuma.  Kumar has claimed that two entities [                                                                                                    ] (hereafter "Entity A" and "Entity B" respectfully) are not affiliated and has no control over these entities.  Kumar did not report these in the Section A response because Section A asks for **related** parties, and these are not related parties.  In the two supplemental questionnaires the Department asked for certain information. Kumar provided the information that it could obtain including letters from these two entities confirming that they were not affiliated with Kumar and, critically, would not provide detailed information.  (BPID 108 and BPID 76).   These entities also explained that they were not involved in the production or sale of Glycine (thus making the information of these companies ultimately unneeded.)

Interestingly enough, as discussed below, the Department asked virtually no questions in supplemental questionnaires to Kumar.   Kumar is only obligated to respond to questions from the Department, not required to respond to comments from petitioner.  Kumar, apparently, was being required to prove the negative.  The Department, in its two supplemental questionnaires (PD 67 and PD 125) never requested specific documents, beyond that of a financial statement and never specified what would be a "reliable and substantive" document that Kumar had in its possession.  Critically, the request for a financial statement was "conditioned" stating "If you are not able to submit even unaudited financial statements for any of

these companies, please describe the circumstance in which you were not able to obtain the unaudited financial statements." BPID 73.   Kumar explained that "However, for . . . Kumar submits that it has no access and control over their books of accounts, so it is not possible to arrange their audited/unaudited financial statements covering fiscal year 2021-2022." (BPID 76 at 16).   The Department appears to have accepted this as it did not renew its request for the financial statements.

The defendant further argued that Kumar had provided in prior reviews certain information that it did not provide in this response and thus was not cooperative. While Kumar acknowledges that it did not provide such information, and openly admits this in the response, Kumar disagrees with the conclusion that this is a lack of cooperation.    In the two prior reviews, the Department had rejected such information as not adequate.   The Department never requested that such information be provided in this review in its supplemental questionnaire.   The Department cannot hold against Kumar that fact that it failed to provide in this review certain documents which had been rejected in prior reviews.   Absent an express request for such documents, the failure to provide them is meaningless.   In this review, Kumar sought to provide other documents to satisfy the Department's concerns.

Defendant's response further argues that Kumar's failure to maintain the documents showing the non-affiliation was also non-cooperation, not withstanding the absence of a specific response, notwithstanding the absence of any reason for Kumar to have retained such records.   Critically, the Department never identified the records that Kumar should have retained.

In sum, contrary to the claims of the Defendant, there is no evidence that any information is "missing" from the record which is in the possession of Kumar.   To the contrary, as detailed in Section B below and in its 56.2 memo,  Kumar responded

to the demands of the Department, provided the records that it believed to be full and responsive to the requests of the Department. While Kumar did not provide all of the documents provided in prior reviews, these documents were never requested by the Department in this review, and critically, such documents had previously been found not sufficient in the prior reviews, and thus there was no reason for Kumar to supply such documents. *See Risen Energy Co, Ltd. v. United States*, 477 F. Supp. 3d 1332 (Ct. Int'l Trade 2020).

## B.  Kumar Cooperated to the Best of its Ability

At pages from 14 to 16 of defendant's response, the defendant argued that Kumar did not cooperate to the best of its ability.  The basis for this is that Kumar did not provide certain financial statements and that other documents which were supplied were not "adequate" to establish the non-relationship between Companies A and B.  Kumar, however, responded to both the Initial questionnaire and the two supplemental questionnaires.  In the initial questionnaire Kumar did not mention that they were not related to Companies A and B, because they were not related and thus there was no obligation to mention such entities.  In the response to the first supplemental questionnaire, Kumar was fully responsive and the only documents expressly requested were financial statements, which request, as discussed above, was a conditional request. (BPID 73).  In the response to the second supplemental questionnaire, Kumar detailed why it was unable to provide detailed information as it was unrelated to the two entities and provided correspondence and other information where the two entities stated their refusal to provide further data.  (BPID 76).  Critically, the Department request stated:  Please respond to question 11.a. with supporting documents that substantiate your narrative explanation. Supporting documents must contain more substantive information than just a statement saying that Kumar is not affiliated with these companies identified in question 11.a.".

Kumar did this, providing responses that provided more information "than just a statement" staying that Kumar was not affiliated.  (BPID 108 at 12-16.)

This constitutes cooperation.  As noted by the Courts, "[b]efore making an adverse inference, the Department must examine respondent's actions and assess the extent of respondent's abilities, efforts, and cooperation…" *Nippon Steel Corp. v. United States*, 337 F.3d, 1373, 1382 (Ct. Int'l Trade 2003).  This analysis requires both an objective and subjective showing that the party failed to do the maximum.  *Id.*  Applying this analysis to the case at bar, it is clear that Kumar did its maximum to the extent of its abilities, efforts and cooperation.

In sum, Kumar provided all of the information in its possession in response to the Department's requests.   It fully cooperated with the Department.

## C.   The Department did not Provide Kumar an Adequate Opportunity to Address any Deficiencies in the Response

At pages from 16 to 18 of defendant's response, the defendant argued that it provided Kumar an adequate opportunity to address any deficiencies in the response.  This is not credible.  As discussed above, while the Department did issue two supplemental questionnaires to Kumar, **Kumar answered the questions asked**.  To the extent that there were any deficiencies, they were the result of insufficient questions from the Department, and to the extent that the Department wanted more information in response to the second supplemental questionnaire, it should have asked.  As discussed in the 56.2 motion and memo in support, the Department has an obligation to provide an opportunity for a party to address any deficiencies in a response.  The Department is charged by the Courts to consider the full nature of responses and explain why missing information is significant.  In *Ferro Union, Inc. v. United States,* 44 F. Supp. 2d 1310 (Ct. Int'l Trade 1999).  The Court required the Department to explain why the missing information was significant to the progress of the investigation.  In light of the fact that not only

were these entities not related, they were not involved in the production or sale of Glycine.    Furthermore, in this review the Department issued 7 supplemental questionnaires to the other respondent in contrast to the two supplemental questionnaires issued to Kumar.

### D.    The Department did not Properly Adjust Export Price

At pages from 18 to 22 of defendant's response, the defendant argued that it properly calculated Kumar's Export price by deducting certain AD/CVD duties. The defendant claims that it is not clear from the data whether or not the AD/CVD was properly deducted from the price, but that for certain entries they duties should not be adjusted.  While it is unfortunate that the Department did not ask Kumar a question about the duty field, it is also clear that for multiple entries the duty field is overstated.   The Department should, upon, remand, reexamine all of the duty fields to ensure the proper calculation of the export price.

## III.  CONCLUSION

The arguments presented in defendant's response should be rejected.  It is clear that:

- The taking of adverse inferences and the application of adverse facts is not appropriate.   There was no factual information missing from the record.  Companies A and B, as claimed by Kumar, were not affiliated with Kumar.  The record was, therefore full and complete and there were no "missing facts" or "gaps" in the record which needed to be filled.
- Kumar fully cooperated with the Department answering the Department's questions.
- To the extent that the Department still had questions or identified deficiencies after reviewing the two supplemental questionnaire responses filed by Kumar, the Department should have identified such discrepancies and provided Kumar an opportunity to address such questions or deficiencies.

Based on the foregoing, the Court should find that the Department's

determination is not grounded in the law and fact, and represents an abuse of discretion.    The Court should remand this matter to the Department with direction to correct such errors.

Respectfully submitted,

/s/ David Craven
David Craven

Counsel to Kumar Industries, Inc.